FILED

10/15/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0390

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 24-0390

FILED

OCT 15 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ROBERT S. PIERCE,

Defendant and Appellant,

v.

STATE OF MONTANA,

Plaintiff and Appellee.

ORDER

Robert S. Pierce has filed an "Amended Response to Order Dated 8/9/2024,"[1] after we rejected his Opening Brief for failure to comply with Rules 11 and 12 of the Montana Rules of Civil Procedure. In our Order rejecting Pierce's brief, we explained that M. R. App. P. 10(7) requires the redaction of confidential personal information from documents filed with the Clerk of the Supreme Court, including the full birth dates of any person. Pierce's brief lists the full birthdate of M.R. (the victim of his crimes) on pages 7, 8, and 20, and his own full birthdate on page 13. We ordered Pierce to file a revised brief containing the revisions necessary to comply with Rule 10(7) and to serve copies of the revised brief on all parties of record within thirty days.

In his Amended Response to Order Dated 8/9/2024—which we are considering as a Petition for Rehearing—Pierce asserts that he is not required to redact the birthdays because M. R. App. P. 10(7)(c)(iii) provides that the redaction requirement does not apply to "the record of a court or tribunal, if that record was not subject to the redaction requirement when originally filed." Although it is somewhat difficult to discern his precise argument, Pierce notes that he filed a pro se habeas corpus petition in federal court which

---

[1] Pierce filed a "Response to Order Dated 8/9/2024," on August 29, 2024, which was superseded by his "Amended Response to Order Dated 8/9/2024," filed on September 6, 2024. We address only his "Amended Response to Order Dated 8/9/2024."

did not require him to redact birthdays, and his federal habeas corpus petition included unredacted attachments and references from the state trial court record. Pierce concludes his argument:

> Because Fed.R.Civ.P. Rule 5.2(b)(6) exempts a Pro Se filing in an action brought under 28 U.S.C. 2241, 2254 or 2255 from redaction and because the Birthdates [for] M.R. and Robert Pierce were unredacted in the original federal filing concerning documents 37 and 42, and the full birthdays in question were further included in the Judicial District Court Record currently on appeal, pursuant to MT.R.Civ.P. Rule 5.2(b)(3) and in the ·opening of Appeal, pursuant to MT.R.App.P. Rule 10(7)(c)(iii), all because these Rules 60(b)(4) & (6) issues were [originally] raised in a Pro Se Petition in a 28 U.S.C. 2254 void judgement filing that was not subject to redactions.

M. R. App. P. 20(1)(a) provides criteria for rehearing. This Court will consider a petition for rehearing on the following grounds: (1) that we overlooked some fact material to the decision; (2) that we overlooked some question presented by counsel that would have proven decisive to the case; or (3) that our decision conflicts with a statute or controlling decision not addressed by us. M. R. App. P. 20(1)(a)(i)–(iii). "Absent clearly demonstrated exceptional circumstances, the supreme court will not grant petitions for rehearing of its orders disposing of motions or petitions for extraordinary writs." M. R. App. P. 20(1)(d).

Pierce's argument is without merit. Pierce's opening brief is not a record of a different court or tribunal; it is an original filing in this Court. Whether or not Pierce may have been excused from the redaction requirements in another court for pleadings that referenced and attached exhibits containing the same sensitive information does not excuse him from complying with the Rules of this Court. In all original pleadings filed with this Court, Pierce is required to comply with this Court's Rules. In that regard, we note that in his "Response to Order Dated 8/9/2024," filed on August 29, 2024, and in his "Amended Response to Order Dated 8/9/2024," filed on September 6, 2024, Pierce included M.R.'s birthdate without redaction, in violation of M. R. App. P. 10(7). Both of those pleadings shall be struck from the record. Accordingly,

IT IS ORDERED that Pierce's Petition for Rehearing is DENIED and DISMISSED.

2

IT IS ORDERED that Pierce's "Response to Order Dated 8/9/2024," filed on August 29, 2024, and his "Amended Response to Order Dated 8/9/2024," filed on September 6, 2024, shall be STRUCK FROM THE RECORD.

IT IS ORDERED that any future pleadings filed by Pierce that do not have appropriate redactions in compliance with the Rules of this Court shall be summarily rejected.

IT IS ORDERED that within thirty (30) days of the date of this order Pierce shall file with the Clerk of this Court a revised brief containing the revisions necessary to comply with the specified rule and that Pierce shall serve copies of the revised brief to all parties of record.

IT IS ORDERED that the times for any subsequent briefing contained in M. R. App. P. 13 shall run from the date of filing of the revised brief.

The Clerk is directed to provide a true copy of this Order to the Appellant and to all parties of record.

DATED this __15__ day of October, 2024.

_____

_____

_____

_____

_____
Justices